(No. 4256—)

ROLAND KENNEDY AND DOROTHY E. KENNEDY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1950.*

HOLLERICH AND HURLEY, Attorneys for Claimants.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Commissioner Wise, who heard the testimony in this case has filed a report herein, which reads as follows:

"Roland Kennedy and Dorothy E. Kennedy, husband and wife, filed their complaint herein on January

3, 1950, to recover damages sustained by them in an accident on August 15, 1949. They seek to recover for damages to their truck; loss of use of truck from August 15, 1949, to October 30, 1949; loss of cargo of peaches, less salvage; and for personal injuries to the wife, including medical services.

"On August 15, 1949, the claimant, Roland Kennedy, an experienced driver, was the owner of a 1948 Model 1½ ton Ford truck. His brakes and lights were in perfect condition. The previous day, he purchased a truck load of 100 to 105 bushels of peaches in Jefferson County, Illinois, and left Mt. Vernon, Illinois, at approximately 4:00 P.M. on said day, and later left Salem, Illinois, about 6:00 P.M. Claimants were traveling north on their way to Rochelle, Illinois to sell the peaches, and to work in a canning plant. At approximately 3:30 A.M. on the morning of August 15, 1949, they reached a point just north of the City of Oglesby, Illinois, when the accident in question occurred. The highway, on which they were traveling, is known as Illinois State Road No. 2, or U. S. Route 51. Generally speaking, U. S. 51 is a north-south route, and at the point of collision connects the cities of Oglesby and LaSalle in LaSalle County. The highway north from Oglesby traverses a series of curves down grade before reaching the Illinois River. The hill down, and the curve around which claimant was traveling at the time of the collision is approximately one-half mile north of the City of Oglesby. There were several signs in place at the time of the collision, to-wit, a 24 x 24 inch reflectorized sign with a 'curve' symbol on it, and a critical speed sign marked '40 M.P.H.' These signs were on a single post, 735 feet south of the top of the hill, and 922 feet south of the beginning of the curve. Another sign was in place just north of the

beginning of the curve warning of the junctions of Routes U. S. 51 and State 71 near the bottom of the hill. The concrete pavement approaching the curve is 18 feet wide, but the curve is 21 feet wide, and is bordered on the inside by a 21 inch gutter, and on the outside by an earth shoulder. Guard rails border the outside of the curve.

"Roland Kennedy testified that he was driving north at the point in question at a speed of 30 to 35 m.p.h.; that he met a car coming from the opposite direction, and the driver of this car was near the center line of the highway, and driving at a high rate of speed. When the cars were 8 or 10 feet apart, claimant's right front wheel dropped off the pavement, and in attempting to get back on the highway he struck the edge of the pavement and also a hole in the shoulder. In striking the shoulder he lost control of the truck, and crashed into the guard rail with the resulting damages.

"There was considerable testimony as to the condition of the shoulder and the highway at the point in question, and several photographs were admitted into evidence. Kennedy denied that there were any warning signs in place south of the scene of the accident. Kennedy further testified that he had approximately 6,000 pounds on his truck; that the load was top heavy, and he was afraid to apply his brakes just prior to the accident because of the condition of his load. The evidence further reveals that the truck traveled approximately 75 feet after leaving the highway to the first point of impact with the railing at the beginning of the curve, and that approximately 100 feet of guard rail was broken down.

"It is my opinion that the shoulder of the road at the point in question was not in good repair; that there was a drop off from the pavement to the shoulder, and

that the shoulder was rough. However, it is my opinion that the accident in question was caused by the negligence of Kennedy in failing to observe and heed the warning signs at the top of the hill, and not having his truck under control. It is also my opinion that he was driving too fast on the highway at that point, that his load was top heavy, and that his negligence was solely responsible for the accident.

"It is my recommendation that his claim be denied in full. It is also recommended that the claim of Dorothy E. Kennedy be denied, because there is no evidence showing that the State of Illinois was responsible for her loss, and that the negligence of her husband was the proximate cause of her injury."

We do hereby adopt the report of Commissioner Wise as an opinion herein, and approve his recommendations.

Awards to claimants denied.